**Lore K. COX and Lore K. Cox, Executrix of the Estate of Howard W. Cox, Deceased, Plaintiffs,**

v.

**Mountell MILES and Raymond Kurian, Defendants Third-Party Plaintiffs,**

v.

**Alonzo WILLIAMS, Leonard Chaplin, Rosalie M. Carroll, Michael J. Avallone and Transportation Vehicles, Inc., Third-Party Defendants.**

**Lore K. Cox, Executrix of the Estate of Howard W. Cox, Deceased, Appellant in No. 17895**

**Mountell Miles, Appellant in No. 17896.**

**Nos. 17895–17896.**

United States Court of Appeals
Third Circuit.

Argued Oct. 9, 1969.

Decided Dec. 30, 1969.

Stanley M. Poplow, Philadelphia, Pa. (Poplow & Casper, Philadelphia, Pa., Theodore Tarter, Melnik, Tarter, Muller & Morgan, Camden, N. J., on the briefs), for Loree K. Cox.

H. Hurlburt Tomlin, Tomlin & Lewis, Camden, N. J., for Mountell Miles.

Anthony D. Buonaddona, Tuso & Gruccio, Vineland, N. J., for Raymond Kurian.

Before McLaughlin, FORMAN and ALDISERT, Circuit Judges.

Before McLAUGHLIN, FORMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

This multiple automobile collision litigation is in the Federal Courts because of the parties' diverse citizenship. The date and place of the chain of accidents was September 26, 1965, on one of the approaches to the Walt Whitman Bridge, Gloucester City, Camden County, New Jersey. The Williams and Chaplin car and the Miles machine were proceeding in an easterly direction and collided with each other. Both cars then crossed the highway center line and struck the Cox automobile traveling west. After that there was a collision between the Kurian vehicle which had been proceeding westward behind the Cox machine and the latter. Howard Cox, the driver of his car, died from the injuries he received. His wife, a passenger with him, also sustained injuries. Mrs. Cox personally and as executrix of the estate of her deceased husband sued Miles and Kurian in the Federal District Court, District of New Jersey. Kurian sued Miles in the New Jersey State Court. The latter brought Williams in as a third party defendant and, according to the Miles brief, the Cox estate as "a third party defendant for contribution", i.e. on the proposition of whether Cox would be responsible to contribute to Miles in the event there was a judgment against the latter in favor of Kurian. The State cause was tried prior to any dispositive procedure in the Cox suit. In the State action the attorney for the Cox estate insurance carrier who appeared for the said estate, pleaded the issue of contributory negligence by Miles and Kurian. At the conclusion of the trial presentation on behalf of Miles, the Cox estate attorney moved for the dismissal of the

Miles complaint against it. That motion was granted. There was no further participation in that trial by the Cox estate. The Kurian claim against Miles and Williams went to the jury. The latter was given a paper containing two interrogatories which was captioned, Kurian, plaintiff v. Miles, defendant-third party plaintiff v. Williams, third party defendant. There were two other related causes which do not concern us in these appeals. The first interrogatory was "Do you find any negligence or contributory negligence by Mountell Miles which was a proximate cause, of any collision on the date, time and place in question?" The jury's answer was "No". The second question was "Do you find any negligence by Alonzo Williams which was a proximate cause of any collision on the date, time and place in question?" The answer was "Yes".

Following the State court decision, Miles and Kurian moved for summary judgment in the District Court. Cox claims on the theory that the New Jersey judgment had determined that Miles and Kurian had not been negligent with reference to the accident and that the Cox causes were barred by res adjudicata or collateral estoppel. The District Court granted summary judgment in favor of defendants Miles and Kurian in the Cox estate suit against them. The holding was that the estate claim was barred by the doctrine of res adjudicata and that the defendants were entitled to such judgment as a matter of law. Similar motions against the individual claim of Mrs. Cox were denied.

■ Under New Jersey Civil Practice Rule 4:13–1 [now R. 4:7–1] the cross claim for the Cox estate that Williams and Miles were contributorially negligent was permissive, not mandatory. As held in Middlesex, etc. Corp. v. Borough of Carteret, 35 N.J.Super. 226, 240, 113 A.2d 821, 829 (1955), New Jersey "has deliberately not adopted Rule 13(a) of the Federal Rules of Civil Procedure 28 U.S.C.A., compelling a defendant (generally speaking) to interpose all counterclaims arising out of the transac-

tion that is the subject matter of the plaintiff's claim." Volume 2, New Jersey Practice, p. 163. Waltzinger Rev. Ed. states "Any counterclaim which cannot be calculated need not be filed and the failure to file a noncalculable counterclaim will not bar further action thereon in a separate suit."

The above doctrine as such is not challenged by either Kurian or Miles, indeed it is not even mentioned. They do make some attempt to argue that New Jersey decisional law justifies the elimination of both Cox causes. Reardon v. Allen, 88 N.J.Super. 560, 564, 213 A.2d 26, 28 is quoted as saying *"Absent exceptional circumstances,* a person who has a claim for property damage and personal injuries arising simultaneously should be required to join both claims in one action." (Emphasis supplied.) It should be stated in passing that Reardon allowed property and personal injury claims to be split, the first to be pursued by the insurance company subrogee and the second by the insured. It is strongly urged on behalf of Cox that since it was the Cox insurance carrier who represented the Cox estate when the latter was brought into the State suit by the then defendant Miles it follows that under the Reardon doctrine by itself, there could be no estoppel of the Cox actions. The Cox insurance carrier's position was not the same as in Reardon. Assuming the most unlikely hypothesis that the Cox car would be held responsible it would be within the realm of possibility that the Cox estate might be responsible for verdict or verdicts against it beyond its insurance protection. In any event there is no need of examining the problem at this time. We are satisfied that Reardon in no way assists Miles or Kurian. All that Reardon does at 88 N. J.Super. 564, 213 A.2d at 28 is suggest that "Absent exceptional circumstances, a person who has a claim for property damage and personal injuries, arising simultaneously should be required to join both claims in one action." That suggestion of course does not fit the instant appeal and if it did, the Cox causes are

literally surrounded by the Reardon "exceptional circumstances". Neither Mrs. Cox individually nor as executrix of her dead husband's estate was a party to the original action. Thereafter defendant Miles brought in the estate as a third party defendant for the single purpose of obtaining contribution from the estate if there was a judgment against him. It would seem less than fair that the innocent, main victims of the tragic mishap before us be pushed out of a proper forum of their own choice into a law suit which was no more than a squabble as to liability between the persons who are the defendants in the Cox Federal action. Mrs. Cox for herself and the estate was entitled to a full dress trial on the merits. Her claims could not be unjustly wiped out of existence by forcing them into the State court suit where the issues did not affect her, on the strange collateral excuse of a defendant ostensibly seeking to hold her for contribution if he were found liable.

Appellee Kurian with respect to the Cox estate says that it alleged in its defense that Kurian was guilty of contributory negligence. Under the facts we do not find that of importance, particularly as the Cox estate was dismissed from the litigation before it took any affirmative defense trial step. We do find it significant that Kurian makes no mention of the vital fact that when the third party complaint of Miles against it was dismissed, the estate withdrew from the case and trial. The latter continued under the above stated caption and as such went to the jury which gave Kurian a verdict against Williams. The Cox estate at that stage was not in the case at all and had not been since its motion had been allowed. Admittedly, the estate through its executrix was not a party to the suit when the latter was submitted to the jury for its decision. Despite that truly watershed situation confronting them, Kurian and Miles do not even try to go around it. They say that because of the above quoted language of the interrogatories and the verdict of the

jury in favor of Kurian and against Williams, the claim of the Cox estate is res adjudicata or collaterally estopped. They say that theory also bars Mrs. Cox individually from seeking her damages arising out of the accident. Both Kurian and Miles rely upon the following language from a New Jersey Union County Court opinion, Desmond v. Kramer, 96 N.J.Super. 96, 232 A.2d 470 (1967) which reads pp. 102, 103, 232 A.2d p. 474:

> " 'In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? *Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?* " (Emphasis supplied.)

As is seen there was no issue as to the Cox estate cause of action presented to the State jury. The estate had been completely dismissed from the suit long prior to the jury receiving the truncated case for consideration. That case revealed in the caption to the interrogatories given the jury that neither the Cox estate nor Mrs. Cox in her own right had anything whatsoever to do with the trial issues before the jury and passed upon by that body. A New Jersey United States District Court opinion is cited, American Hawaiian Ventures, Inc. v. Latuharhary, 257 F.Supp. 622 (1966). There the Court said that a judgment on the merits in the first suit involving "different parties the first suit will not bar the second action but *will be conclusive as to all issues which were determined in the first suit;* this is the principle of collateral estoppel." (Emphasis supplied.) A New Jersey opinion, Public Service Electric and Gas Co. v. Waldroup, 38 N.J.Super. 419, 119 A.2d 172 (1955) comments regarding collateral estoppel that, "It is a fundamental rule that facts and questions in issue in an action and there admitted or judicially determined are conclusively settled by judgment entered therein, and such facts or questions became res adjudicata in all subsequent litigation *between the same parties or their privies.*" (Emphasis supplied.) In another citation urged by Miles, Stone v. Steinen Co., 7 N.J.Super. 321, 70 A.2d 803, 807 (1949), affd. 6 N.J. Super. 178, 70 A.2d 809 (1950), the opinion concludes that: " 'In a subsequent action between the parties on a different claim, the judgment is conclusive * * * if those issues were actually litigated and determined in the prior action.' Restatement Judgments, Sec. 45. This is the so-called 'collateral estoppel.' The New Jersey authorities amply support the above principles."

The above details the entire basis on which Kurian and Miles ask that the District Court judgment be affirmed in dismissing the estate cause and be reversed in its refusal to dismiss the individual claim of Mrs. Cox.

■ Clearly, the Cox individual and estate claims against the defendants Kurian and Miles were not litigated in the State trial. Mrs. Cox individually was never even named as a party. The Cox estate was brought into the New Jersey matter by Miles, the defendant there and just as soon as the affirmative Miles case had been heard, the Cox estate was immediately exonerated by the judge dismissing it from the action being tried. Under the New Jersey law, the estate was not required to continue in that litigation and in some sort of bobtailed fashion endeavor to put forward its proofs on the merits against Kurian the plaintiff and Miles the defendant. Whatever the interrogatories and their answers may mean and they are far from being understandable, they cannot be so bent as to countenance construing them bringing about a competent judicial determination that the Cox damage claims have had their fair day in court, have been finally ruled upon and are barred by the doctrine of res adjudicata.

We hold that the District Court denial of summary judgment in No. 17896, the individual cause of Mrs. Cox, was fully justified. The District Court judgment

therein will be affirmed. In 17895, for the reasons above outlined we find that the suit of the Cox estate is neither res adjudicata or collaterally estopped. The judgment in that suit to that effect will be reversed and the case remanded to the District Court for trial on the merits.