PER CURIAM.
Plaintiff-appellant Hammil Lee Nicholson, Jr. (passenger) seeks review of an adverse final judgment entered pursuant to a jury verdict in favor of defendant-appel-lees John Lee Brown (truck driver) and Ben’s Seltzer Inc., (truck owner and employer). Appellant sued in the Circuit Court of Dade County to recover damages for personal injuries sustained when his driver William T. Markey rear-ended the truck, allegedly negligently driven by Brown and owned by Seltzer, on the MacArthur Causeway connecting Miami with Miami Beach.
It appears that William T. Markey had prevailed in a personal injury action against Seltzer and Brown tried by another judge in the Circuit Court of Dade County. By motion for summary judgment and otherwise, appellant sought to assert the doctrines of res judicata, collateral estoppel and estoppel by judgment. However, neither the judgment nor the record in the Markey action were introduced into the record before the instant trial court. Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885 (1934) (en banc).
We have considered the arguments presented by the appellant concerning the application of the doctrine of estop-pel by judgment, and particularly his arguments urging adoption of the current minority position represented by Desmond *467 v. Kramer, 96 N.J.Super. 96, 232 A.2d 470 (1967). We express the view that appellant has failed to demonstrate reversible error as to the point concerning estoppel by judgment. Atlas Land Corporation, supra; Culloden v. Music, Fla.App.1969, 226 So.2d 240, 244. We have also considered appellant’s points concerning the alleged error in permitting testimony of an expert witness for lack of a proper predicate and permitting certain Dade County traffic ordinances to be read to the jury. Appellant has also failed to demonstrate reversible error as to these points.
Affirmed.