129 N.J. Super. 426 (1974)
324 A.2d 60
CONTINENTAL CAN COMPANY, A CORPORATION, HORN HARDART COMPANY, A CORPORATION, NEW YORK SUSQUEHANNA AND WESTERN RAILROAD COMPANY, PLAINTIFFS-APPELLANTS,
v.
HUDSON FOAM LATEX PRODUCTS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1974.
Decided July 29, 1974.
*427 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Allan Maitlin argued the cause for appellants (Messrs. Feuerstein, Sachs & Maitlin, attorneys; Mr. Leonard Rosenstein, on the brief).
*428 Mr. Robert J. Murphy argued the cause for respondent (Messrs. Vaccaro, Osborne & Curran, attorneys; Mr. Robert D. Curran, of counsel).
PER CURIAM.
The procedural foundation for this appeal, and the facts on which the litigation itself is predicated, are adequately articulated in the published opinion of the trial court. Continental Can Co. v. Hudson Foam Latex Prod., Inc., 123 N.J. Super. 364 (Law Div. 1973). We supplement only to fill the gap between there and here. We denied plaintiffs' motion for leave to appeal. The Supreme Court, on plaintiffs' application, granted leave and directed that we hear the appeal.
As is apparent from the opinion below, the question is whether a prior judgment against defendant, predicated on its negligence, in an action by other parties plaintiff legally positioned as are plaintiffs here, should estop defendant from again trying in this action the same issue of its negligence. In view of the disparity between Reardon v. Allen, 88 N.J. Super. 560 (Law Div. 1965), and Desmond v. Kramer, 96 N.J. Super. 96 (Cty. Ct. 1967), and the fact that there is no appellate opinion in New Jersey directly settling the point, the court below was concerned with whether mutuality of estoppel is required before collateral estoppel may be invoked. It is not entirely clear, however, whether the judge reached the result he did because he believed Reardon, requiring mutuality, to be the better rule, or because he felt there was an unfairness in the previous trial.
If it was the latter, we disagree with him. There is simply no support in the record for his statements that:
In the prior action defendant Hudson was denied the opportunity to fully litigate the issue of its negligence (or freedom therefrom). Hudson was unable to present any testimony as to the measures taken by it to guard against fire and resultant damage to goods on the premises. [123 N.J. Super. at 372]

* * * * * * * *
In the instant case there is no doubt that Hudson did not fully litigate the matter in the prior action due to the trial judge's denial *429 of an adjournment, a circumstance beyond Hudson's control. [Id. at 373]
The fact is that after the matter had been adjourned some 18 times over a period of more than two years (substantially all of which adjournments were at the request of counsel for Hudson), during which period the answer of Hudson had on one occasion been suppressed for its failure to comply with the rules, the assignment judge  quite justifiably, it would appear  finally determined that Hudson's excuses had worn thin. The soundness of his discretion in denying further adjournment is amply demonstrated by his comments on the record which disclose that Hudson had been given an opportunity to document the reasons for even further adjournment, and failed to produce. The rationality of his judgment in refusing to be persuaded to further adjournment is graphically depicted in his dealing with the "unavailability" of a corporate witness whose "illness" Hudson utilized as a reason for the adjournment:
* * * It just appears that Mr. Oscar Shuffman's knowledge would not be that important in this case. However, that is not the basis for the Court refusing to continue the matter. I am not satisfied as to the alleged illness of Mr. Oscar Shuffman. I am not satisfied as he sits here in court, that he is not able to testify. In addition, of course, there is the deposition which previously was taken.
We specifically find, contrary to the findings below, that rather than Hudson's being "denied" the opportunity to litigate its negligence, it avoided the opportunity on every occasion it could including the last when the matter was tried. We are completely satisfied it had every fair opportunity to defend.
We turn to the troublesome mutuality problem. Both Reardon and Desmond intelligently and comprehensively present the cases for the opposing views. Each can and does cite respectable authority for its position. Without demeaning the obvious common sense which could be made *430 to appear for each view in any given set of circumstances, we say only that in our judgment policy considerations inherent in the doctrine of collateral estoppel forbid that its dependency rely on any one test, including the test of mutuality. Whether collateral estoppel should apply depends  as the cases cited in both Reardon and Desmond acknowledge  on many factors, all of which are considered because they contribute to the greatest good for the greatest number so long as fairness is not sacrificed on that altar. We see no reason why "mutuality of estoppel," sanctified only by antiquity, should dictate from a preemptive position. It must be considered, along with all the other pros and cons. But the final result must be a sum of all the integers, and not a product of zero simply because one of the many numbers multiplied together is zero.
We have considered the facts of the instant case in that light. We are convinced that Hudson has had an ample and fair opportunity to defend its position on liability. While we are loath to and will not penalize it for its obstructive and dilatory tactics in the first action, we think it should not be allowed to capitalize on them.
Reversed. Remanded for trial on damages alone.