168 N.J. Super. 538 (1979)
403 A.2d 937
HARBOR LAND DEVELOPMENT CORPORATION, INC., PLAINTIFF-APPELLANT,
v.
MIRNE, NOWELS, TUMEM, MAGEE & KIRSCHNER, ESQS., AND WILLIAM C. NOWELS, ESQ., INDIVIDUALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1979.
Decided May 30, 1979.
*539 Before Judges CONFORD, PRESSLER and KING.
*540 Messrs. Jamison, McCardell, Moore, Peskin and Spicer attorneys for the appellant (Mr. Randolph D. Norris on the brief).
Mr. Richard A. Amdur, attorney for the respondents (Mr. Joseph K. Cooney on the brief).
PER CURIAM.
The trial judge dismissed this legal malpractice action prior to trial on the ground that suit was barred by the doctrine of collateral estoppel. Plaintiff appeals and we reverse.
Plaintiff is the owner of a tract of unimproved land in Hamilton Township, Atlantic County, acquired by it in 1963 by deed reciting that the land conveyed contained 247.04 acres. The land was further described by reference to its lot and block number on the municipal tax map, which indicated an area of 277 acres. Additionally, plaintiff had secured a "surveyor's drawing" showing that the tract had an acreage of 304 acres.
Late in 1972 plaintiff negotiated with Star Construction Company, Inc. (Star) for the sale to it of the tract. Ultimately, defendant Nowels, an attorney and member of the defendant law firm, was retained by plaintiff to prepare a contract of sale. The contract fixed the purchase price at $136,800 for the entire tract, which was identified therein by reference to its block and lot designation and further described as "Being 300 acres more or less." During the course of its title search Star discovered the discrepancy between its contract with plaintiff and the deed into plaintiff respecting the size of the tract. It took the position that the contractual intent was for a sale by the acre at a price of $450 per actual conveyed acre. Defendant insisted that the intent of the contracting parties had been for a bulk sale at a fixed price irrespective of actual acreage. Although there was apparently never an accurate survey of the land made, plaintiff, represented by defendants, sued Star, seeking specific performance of the contract in accordance with its interpretation *541 thereof. Star counterclaimed for reformation to reflect a per acre rather than a bulk sale and for specific performance of the contract as so reformed. Following trial, at which neither defendant Nowels nor any member of his firm testified, judgment was rendered in Star's favor and that judgment was affirmed on appeal by this court.
Several months after the appellate disposition of the Star action plaintiff brought this action against its lawyers alleging their negligence in having prepared the Star contract in such a way as to render it susceptible to an interpretation that a sale by the acre rather than in bulk had been intended, plaintiff further alleging that it had specifically instructed defendant Nowels to prepare a contract for a bulk sale at a single fixed price. It was the view of the trial judge that these allegations projected the same question of fact already litigated in the Star action, namely plaintiff's intention as a seller. It was, of course, this perceived identity of factual issue which led the court to conclude that the doctrine of collateral estoppel was applicable to the malpractice suit and barred its prosecution. We are constrained to disagree with the basic premise of issue identity.
The essence of the doctrine of collateral estoppel is to preclude relitigation in a subsequent action of a factual issue fully and fairly litigated in a prior one. See United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92, 101 (1977); Gareeb v. Weinstein, 161 N.J. Super. 1, 13-14 (App. Div. 1978); Continental Can Co. v. Hudson Foam Latex Prod., 129 N.J. Super. 426, 428-429 (App. Div. 1974). And see, generally, Restatement, Judgments 2d (Tent. Draft No. 4, 1977), § 68 at 1. In our view the essential prerequisite of identity of issue is not here met. It is true that both actions implicate the question of plaintiff's intent but they do so in very different contexts and from very different perspectives. In the first action with Star, the ultimate question was plaintiff's intent as contractually expressed. The inquiry was not into its private or actual intent but rather involved a fair reading of the language of the *542 contract in its circumstantial context. Thus, the court was dealing with what may be termed constructive intent vis-a-vis the other contracting party. The whole point of the second suit is plaintiff's claim that he was bound to a contractually expressed constructive intent which, by reason of his lawyers' negligence, deviated from his actual intent. What it is in effect now claiming is that the contract did not say what it was supposed to have said and because of what it did say plaintiff was held to have meant something which it never intended and which its lawyers knew it never intended. This is not a mutuality problem. It is simply a situation in which constructive intent as between contracting parties need not necessarily be the same as actual intent between one of those parties and his lawyer-draftsman. In short, the difference between the constructive intent at issue in the first action and the actual intent at issue here leads ineluctably to the conclusion that the intent issue here involved is not the same as the intent issue already litigated. That being so, the doctrine of collateral estoppel cannot apply.
We would further note that neither Nowels nor any other lawyer from his firm testified at the first trial. The question, therefore, of what instructions were given by plaintiff and what intent it expressed to its lawyers regarding the proposed sale was not fully or fairly litigated. It may well be that any such proffered testimony would have been in violation of the parole evidence rule.
We do not, of course, intend to express any opinion as to the merits of this action. We hold only that plaintiff is not barred by any preclusionary doctrine from prosecuting it.
Reversed and remanded for trial.