**PINTO TRUCKING SERVICE, INC.,**
Plaintiff-Appellee,

v.

**MOTOR DISPATCH, INC., and Harry Newberger, Defendants-Appellants.**

Nos. 80–2236, 80–2433.

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1981.

Decided May 28, 1981.

Rehearing and Rehearing En Banc
Denied July 21, 1981.

B. John Mix, Jr., Chicago, Ill., for defendants-appellants.

Joseph L. Chicco, Philadelphia, Pa., for plaintiff-appellee.

Before BAUER, Circuit Judge, PECK, Senior Circuit Judge,[*] and CUDAHY, Circuit Judge.

BAUER, Circuit Judge.

This cause of action is before us for the second time. The first time we reviewed this matter, we reversed the district court entry of a directed verdict in favor of defendants-appellants Motor Dispatch, Inc. and Harry Newberger and remanded for a new trial. It is from this second trial that Newberger and Motor Dispatch appeal. For the reasons discussed in this opinion, we again reverse the judgment of the district court and remand for a new trial.

I

Plaintiff-appellee Pinto Trucking Service ("Pinto") filed this lawsuit in September 1974 alleging that Motor Dispatch, Appaloosa Air Cargo, Inc. ("Appaloosa"), Harry Newberger, John Davie, William Marston, and Stephen Meyers conspired unlawfully to destroy Pinto as a business competitor. The eight count complaint charged that the defendants committed illegal acts in furtherance of the conspiracy which violated section 1 of the Sherman Act, 15 U.S.C. § 1, and were business torts under state law.

The first trial began on July 19, 1977. On August 4, at the conclusion of Pinto's case, the District Court for the Northern District of Illinois, the Honorable J. Sam Perry presiding, granted Motor Dispatch's and Newberger's motions for directed verdicts on all eight counts of the complaint. On August 11, the jury found for Pinto against the Appaloosa defendants[1] on some of the counts in the eight count complaint. The Appaloosa defendants moved for judgments notwithstanding the verdict on the ground that the judgments were contrary to law and unsupported by the evidence. The district court granted the defendants' motions with respect to some of the jury verdicts and denied them with respect to others.[2]

On appeal to this court, we reversed the district court orders granting defendants Newberger's and Motor Dispatch's motions for directed verdicts and the Appaloosa defendants' motions for judgments notwithstanding the verdict. We remanded the case "for a new trial with respect to defendants Motor Dispatch and Newberger and for a new trial on the issue of damages with respect to defendants Appaloosa, Davie, Marston and Meyers." *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 588 F.2d 837, slip op. at 25 (7th Cir. 1978).

---

[*] The Honorable John W. Peck, Senior Judge of the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

1. "Appaloosa defendants" refers to Appaloosa, Davie, Meyers, and Marston.

2. Pinto moved to amend the judgment on the antitrust count and moved for a new trial on the issue of damages. The district court denied both motions.

On remand to the District Court for the Northern District of Illinois, the Honorable James B. Moran presiding, Pinto filed a motion for partial summary judgment requesting that the district court collaterally estop Newberger and Motor Dispatch from litigating the issues decided against the Appaloosa defendants in the first trial.[3] The district court granted plaintiff's motion, thereby binding Motor Dispatch and Newberger to the first trial finding that the Appaloosa defendants conspired in violation of the Sherman Act and committed various unlawful acts in furtherance of the conspiracy. *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 485 F.Supp. 484, 489 (N.D. Ill.1980).

The second trial commenced on July 7, 1980. The jury found for Pinto and against Motor Dispatch and Newberger on counts I, II, III, and IV of the complaint. The jury assessed damages against all the defendants. Only Motor Dispatch and Newberger appeal.

## II

■ The first question presented for review in this case is whether the district court erred in collaterally estopping Newberger and Motor Dispatch from litigating the issues decided in the first trial. Appellants claim that they were denied due process because the collateral estoppel order denied them the opportunity to defend the charges against them. We agree.

At the beginning of the retrial, the trial court instructed the jury that certain issues had been conclusively proven as a matter of law and that the jury was bound to accept these conclusions for purposes of the second trial. The trial court stated:

Specifically it has been determined as a matter of law—and this is determined as a matter of law with respect to all defendants—that commencing in the late summer or early fall of 1973, defendants John Davie, William Marston and Appaloosa Air Cargo, Inc., conspired intentionally to injure Pinto Trucking Service, Inc., and unfairly to deprive Pinto of air freight business which it had established between Chicago and Detroit.

Tr. at 46. The court also informed the jury that it had been established as a matter of law that (1) Davie breached his fiduciary duties owing to Pinto while he was employed by Pinto; (2) Marston, Meyers, and Appaloosa unlawfully induced Davie to breach his employment duties to Pinto; (3) the Appaloosa defendants unlawfully interfered with Pinto's business relationships with its customers; (4) Davie unlawfully interfered with the business relationships between Pinto and its trucker owner/operators; and (5) the Appaloosa defendants are legally responsible for all damages resulting from their unlawful conduct. *Id.* at 47–49.

The district court concluded that appellants should be bound by the judgment rendered in the first trial because they had "a substantial interest in the outcome of the lawsuit and ... participated in a significant way in the litigation." *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 485 F.Supp. at 489 (N.D.Ill.1980). The court was correct in concluding that the extent of appellants' participation in the first trial was a determinative factor in deciding whether collateral estoppel was appropriate. The court erred, however, in concluding that appellants' participation was significant enough to estop them from litigating the issues on retrial.

**3.** Pinto also requested, in the alternative, that the district court, as a matter of agency law, find Newberger and Motor Dispatch liable for the acts and conspiracy of the Appaloosa defendants. The district court denied this motion, noting that the mandate of this court remanding the case for a new trial indicated that the evidence concerning whether there was an agency relationship between the Appaloosa defendants and Newberger and Motor

Dispatch was disputed. Thus, the district court concluded that the jury in the second trial, not the court, should properly resolve the agency issue. *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 485 F.Supp. 484 at 487 (N.D.Ill. 1980).

The district court also denied defendants Motor Dispatch and Newberger's motion for severance.

Appellants were dismissed out of the suit on their motion for directed verdict after Pinto rested its case. There is no evidence in the record that appellants participated in any way in the first trial after they were granted a directed verdict. At a minimum, due process requires that a defendant must be afforded the opportunity to present evidence and arguments in defense of the charges against him. *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). *See also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7, 99 S.Ct. 645, 649, n.7, 58 L.Ed.2d 552 (1979); *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940). Appellants were able to cross-examine Pinto's witnesses, but they never had a " 'full and fair' opportunity" to defend against the issues decided in the first trial. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332, 99 S.Ct. 645, 652, 58 L.Ed.2d 552 (1979). The district court's collateral estoppel order precluded appellants from presenting any evidence or arguments to show that no conspiracy existed and that none of the defendants committed any of the unlawful acts alleged in the complaint. Appellants were limited to arguing that they did not participate in the Appaloosa defendants' conspiracy and commission of the alleged unlawful acts. The district court erred in concluding that appellants, with no opportunity to present evidence or argue their perspective to the jury, had participated in the first trial "in a significant way" and thus could be collaterally estopped from litigating the issues decided against the Appaloosa defendants.[4] *See Cox v. Miles*, 420 F.2d 279 (3d Cir. 1969).

Pinto claims that even though appellants did not have a "full and fair opportunity to litigate" the issues decided against the Appaloosa defendants, the district court properly estopped appellants from relitigating those issues because appellants are in privity with the Appaloosa defendants who did have a "full and fair" opportunity to raise appellants' defenses. Pinto relies on *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917), and *TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314 (7th Cir. 1974), in support of its argument. Pinto's reliance on these cases is misplaced, however.

In *Hart Steel Co.* the Supreme Court held that a parent corporation owning all of the stock of a subsidiary should be collaterally estopped from relitigating issues decided against the subsidiary if the subsidiary "acted wholly under the authority and in the interest of [its] principal" in litigating a prior suit involving the same issues. 294 U.S. at 298, 37 S.Ct. at 507. *Accord, Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). In *TRW, Inc. v. Ellipse Corp.* we held that a party may be estopped from litigating issues decided against another party in a prior suit to which it was not a party if one of the parties in the suit represented its interests. 495 F.2d at 317–18.

Unlike the estopped parties in *Hart Steel* and *TRW, Inc.*, appellants own no stock in Appaloosa and there is no evidence in the record to show that the Appaloosa defendants defended the first trial under appellants' authority or that they represented appellants' interests. Thus, the principle enunciated in *Hart Steel* and *TRW, Inc.* that collateral estoppel bars relitigation of issues decided against a party representing

---

**4.** Since we find that appellants did not participate "in a significant way" in the first trial, we need not decide whether appellants had a substantial interest in the outcome of the first suit after they were dismissed. The Supreme Court noted in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), that a party should not be estopped from relitigating issues decided against him in a prior suit in which he had a full and fair opportunity to litigate if (1) the prior suit af-

forded little incentive to litigate vigorously; (2) there are prior inconsistent judgments; (3) the subsequent suit affords procedural opportunities not available in the prior suit; or (4) the party seeking to collaterally estop the other could easily have joined the prior suit. *Parklane Hosiery*, 439 U.S. at 332–33, 99 S.Ct. at 652. Presumably, the district court was referring to these factors when it enumerated "the substantial interest in the outcome" requirement.

the interests of the party in the subsequent suit does not apply in this case.

### III

Appellants also claim that the district court erred in prohibiting them from litigating various *in pari delicto* defenses that had not been pleaded in appellants' answer. The district court refused to permit appellants to introduce any evidence in support of these defenses because appellants had not provided Pinto with adequate notice of these issues in time to take discovery. Tr. at 26–27. During trial, appellants made an offer of proof concerning the defenses, at which time the court reiterated its concern that appellants eleventh hour attempt to raise these defenses did not comport with the Federal Rules of Civil Procedure notice pleading requirements and did not provide Pinto with an opportunity to take discovery on the issue. Tr. at 1163–64.

■■■ The Federal Rules of Civil Procedure require a defendant to plead all his affirmative defenses in the answer to the complaint. Fed.R.Civ.Pro. 8(c). Any defense not pleaded is waived. *Stanish v. Polish Roman Catholic Union of America*, 484 F.2d 713, 721 (7th Cir. 1973). Appellants failed to plead any affirmative defenses, and thus waived them. The district court properly estopped appellants from litigating their eleventh hour *in pari delicto* defenses.[5]

### IV

Appellants claim that the district court erred in refusing to permit them to amend the pleadings to conform to the evidence at the close of trial and in refusing to give some of appellants' tendered instructions. Because we are reversing and remanding for a new trial on other grounds, we need not decide these issues.

### VI

The judgment of the district court is reversed and remanded. This cause is remanded for a new trial on counts I, II, III, and IV of the complaint.[6] Each party is to bear its own appeal costs.

Reversed And Remanded.

---

**5.** Moreover, even if appellants had properly pleaded their defenses, the offer of proof indicates that the evidence would have been inadmissible on relevancy grounds. Appellants sought to prove that Pinto unlawfully restrained trade in instances unrelated to the conspiracy and acts pleaded in the complaint. Proof of the plaintiff's unrelated unlawful conduct is not a valid *in pari delicto* defense to an antitrust charge. *Perma Life Muffler, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 140, 88 S.Ct. 1981, 1985, 20 L.Ed.2d 982 (1968); *Kiefer-Stew-*

art Co. v. Seagram & Sons, 340 U.S. 211, 214, 71 S.Ct. 259, 261, 95 L.Ed. 219 (1951); *Premier Electrical Construction Co. v. Miller-Davis Co.*, 422 F.2d 1132, 1138 (7th Cir.), *cert. denied*, 400 U.S. 828, 91 S.Ct. 56, 27 L.Ed.2d 59 (1970).

**6.** The jury found against Pinto and in favor of appellants on counts V, VI, VII, and VIII. Pinto has not appealed the finding against it. Consequently, our reversal of the district court judgment is limited to counts I–IV.