182 N.J. Super. 584 (1982)
442 A.2d 1055
TOWNSHIP OF BASS RIVER (BURLINGTON COUNTY), PLAINTIFF-RESPONDENT,
v.
HOGWALLOW INC., STORMY HILL, INC. AND WILLIAM S. HAINES, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1982.
Decided February 3, 1982.
*585 Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
Robert F. Rogers argued the cause for appellants (Rogers & Smith, attorneys).
James E. Bishop argued the cause for respondent (Shackleton, Hazeltine & Dasti, attorneys; Francis A. Cafone on the brief).
McTighe & McTighe filed a brief on behalf of New Jersey Farm Bureau, amicus curiae (Arthur A. McTighe on the brief).
PER CURIAM.
The judgment of the Tax Court of New Jersey entered November 24, 1980 is affirmed substantially for the reasons set forth in the opinion of Judge Lario of November 24, 1980 subject to the following caveat. We are not prepared to say that under no circumstances will a decision of a county tax board be binding in subsequent proceedings before the Tax Court dealing with assessments for later years. We think, *586 however, that here the Tax Court properly considered the matter de novo. In a sense the claim for farmland assessment leading to the subsequent administrative and judicial proceedings may be regarded as generating a new cause for action since the assessments were contested in successive years. Consequently in the absence of evidence that the same issue was litigated the Tax Court was not bound by the prior proceedings. See Harbor Land Development Corp. v. Mirne, Nowels, Tumen, Magee & Kirschner, 168 N.J. Super. 538 (App.Div. 1979). Finally, we observe that extension of the advantages of farmland assessments to noncontiguous properties not directly entitled to such treatment could lead to unworkable criteria.
Affirmed.