225 N.J. Super. 584 (1988)
543 A.2d 99
GEORGE A. BLAIR, FORMERLY TRADING AS HOSPITAL PORTRAIT SERVICE COMPANY, PLAINTIFF-APPELLANT,
v.
TAXATION DIVISION DIRECTOR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1988.
Decided June 14, 1988.
*585 Before Judges FURMAN and BRODY.
G. Stephen Ingram argued the cause for appellant (Ingram & Kelley, attorneys; G. Stephen Ingram on the brief).
Sarah T. Darrow, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General, *586 attorney; Michael R. Clancy, Deputy Attorney General, of counsel; Sarah T. Darrow, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff, a commercial photographer, contends that he is entitled to a statutory exemption from the payment of a sales or use tax on the color film used in his business. The Tax Court rejected his claim when he challenged assessments for the period April 1, 1977 to March 31, 1980. Another part of this court affirmed that determination substantially for the reasons given by Judge Andrew in his published opinion. Hospital Portrait Service v. Taxation Div. Director, 6 N.J. Tax 305 (Tax Ct. 1983), aff'd o.b. 7 N.J. Tax 431 (App.Div. 1984), certif. den. 101 N.J. 235 (1985). The present appeal is from a Tax Court judgment entered by Judge Andrew again denying plaintiff's claim, this time raised in plaintiff's challenge to assessments for the later period January 1, 1982 to December 31, 1984. Judge Andrew's opinion is published at 9 N.J. Tax 345 (Tax Ct. 1987).
Plaintiff's main argument is that his first case was wrongly decided. The Taxation Division Director's main argument is that plaintiff is barred by the doctrine of collateral estoppel from renewing his contentions. Judge Andrew agreed with the Director and also reaffirmed the correctness of his rulings in the first case. We affirm on the ground that collateral estoppel bars the present action.
The doctrine of collateral estoppel is generally applied against a taxpayer when he challenges the same kind of assessment that he previously challenged unsuccessfully when it had been levied for a prior period. See e.g. Bass River Tp. v. Hogwallow Inc., 182 N.J. Super. 584, 585-586 (App.Div. 1982). The doctrine is not applied where there has been an intervening change in significant facts, or there has been an intervening change in the statutory, regulatory or judicial law that favors *587 the taxpayer, or where there are "other special circumstances [that] warrant an exception to the normal rules of preclusion." Montana v. United States, 440 U.S. 147, 155, 99 S.Ct. 970, 975, 59 L.Ed.2d 210, 218 (1979). Those exceptions are justified because it would be unfair to treat one taxpayer differently from others of the same class solely because he had once suffered an adverse determination when the facts or the law were different. Thus, "... if the very same facts and no others are involved in the second case, a case relating to a different tax year, the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change." Commissioner v. Sunnen, 333 U.S. 591, 598-602, 68 S.Ct. 715, 720-721, 92 L.Ed. 898, 906-908 (1948).
The operative facts in the present case are identical to the operative facts in the first case. Plaintiff purchases substantial quantities of color film which he uses in his New Jersey business. His representatives take photographs of newborn infants at hospitals throughout the country and in foreign countries. A contractor develops the film in New Jersey and makes photographic prints from the negatives. Plaintiff sells the prints, retains the negatives for three years and then destroys them.
Now, as in the first case, plaintiff contends that his purchase and use of film are exempt under two provisions of the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. Those provisions are:
Receipts from sales of materials, such as chemicals and catalysts, used to induce or cause a refining or chemical process, where such materials are an integral or essential part of the processing operation, but do not become a component part of the finished product are exempt from the tax imposed under the Sales and Use Tax Act. [N.J.S.A. 54:32B-8.20.]
and
Receipts from the following are exempt from the tax imposed under the Sales and Use Tax Act:
a. Sales of machinery, apparatus or equipment for use or consumption directly and primarily in the production of tangible personal property by *588 manufacturing, processing, assembling or refining; .. . [N.J.S.A. 54:32B-8.13a.]
As to the N.J.S.A. 54:32B-8.20 exemption, plaintiff contends that film carries chemicals which "cause a ... chemical process" when mixed with other chemicals during development. He further contends that the chemicals on film are "an integral or essential part of the processing operation" that produces prints without themselves becoming "a component part of the finished product." The trial judge ruled in the first case that the chemicals on film do not cause a chemical process, but are themselves chemically acted upon. He further ruled that the chemicals on film are an integral and essential part of the processing operation that produces negatives, but are not a part of the processing operation that produces prints, which are the finished product.
Plaintiff argues that the judge's finding that the chemicals on film do not cause a chemical process but are only acted upon is contrary to fact and creates a distinction not contemplated by the statute. He further argues that though the development of film into negatives does not produce the finished product, the statute requires only that the development process be an integral or essential part of the operation that produces the finished product, and producing negatives is an integral or essential part of the operation that produces prints. Whatever we may think of plaintiff's arguments, they are based on the same facts that were operative in his first case and there has been no intervening authority in this state that supports them. Thus plaintiff is not the only taxpayer in his class who is denied the claimed exemption.
As to the N.J.S.A. 54:32B-8.13a exemption, plaintiff contends that film is "equipment for use ... directly and primarily in the production of [prints] ... by ... processing...." In the first case, the trial judge ruled that plaintiff's contention is contrary to N.J.A.C. 18:24-4.2, which provides in part:
"Machinery, apparatus or equipment" means any complex, mechanical, electrical or electronic device, mechanism or instrument which is adapted to the *589 accomplishment of a production process, and which is designed to be used, and is used, in manufacturing, converting, processing, fabricating, assembling or refining tangible personal property for sale.
He held that film does not satisfy the regulatory definition of equipment because it is not a "complex, mechanical, electrical or electronic device, mechanism or instrument."
Plaintiff argues that film, when developed into negatives, satisfies the regulatory definition because negatives are part of the equipment that produces prints. He notes, for instance, that N.J.S.A. 54:32B-8.29 expressly includes "type fonts, lead, mats... [and] ... plates" in its definition of "machinery, apparatus or equipment" that produces printed material. Again, whatever we may think of plaintiff's arguments, they are based on the same facts that were operative in the first case and there has been no intervening authority in this state that supports them.
We are mindful that in extraordinary cases issue preclusion will not be applied where "there is a potential adverse impact upon the public interest which itself demonstrates a convincing need for a new determination of the issue." Plainfield v. Public Service Electric and Gas Company, 82 N.J. 245, 259 (1980). The question in Plainfield was whether a public utility should be bound forever by an 1898 contract that required it to furnish free electrical service to a municipality in return for permission to use municipal streets to erect utility poles for carrying electrical wires. In 1916 the Court of Errors and Appeals held that the contract was enforceable. The Supreme Court ruled that its reconsideration of the issue in 1980 was not precluded by the 1916 holding:
The interests of the public are involved in this litigation in light of the special status of the litigants, respectively, a municipal governmental body and a quasi-public regulated utility. Moreover, the broader interest of the public is affected by virtue of the inescapable impact of this litigation upon the proper exercise by the Board of Public Utility Commissioners of its statutory powers under N.J.S.A. 48:3-1 and 48:3-4. [Citation omitted; id. at 259.]
Plaintiff is not so immediately identified with the public's interests as the parties were in Plainfield, nor are the issues *590 that he wants to relitigate so vital to the operation of government that they cannot await reconsideration by this court in an action brought by a taxpayer who is not collaterally estopped from raising them.
Affirmed.