224 N.J. Super. 383 (1988)
540 A.2d 889
HECTOR NOGUE, A MINOR, BY HIS PARENT AND NATURAL GUARDIAN, ANGEL L. NOGUE, AND ANGEL L. NOGUE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
THE ESTATE OF JOSE R. SANTIAGO, MARIE L. ROBLES, ADMINISTRATRIX, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 29, 1988.
Decided April 19, 1988.
*384 Before Judges KING, GAULKIN and GRUCCIO.
Robert F. Dunlap argued the cause for appellants (Lipman, Antonelli, Batt & Dunlap, P.A., attorneys; William M. Gilson, on the brief).
William M. Honan argued the cause for respondent (Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys; Alfred J. Durney, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
In this personal injury action, plaintiffs' complaint was dismissed as barred by a liability finding made in an earlier *385 uninsured motorist (UM) arbitration. Plaintiffs appeal. We reverse.
Plaintiff Hector Nogue, a passenger in a car operated by his step-brother Jose R. Santiago, was injured when the vehicle went out of control and overturned. Santiago himself died in the accident. Nogue filed with Cigna Companies, Santiago's insurance carrier, a demand for arbitration of his claim for UM benefits on the ground that the Santiago automobile had been "involved in accident with unknown motor vehicle." A similar claim for UM benefits and demand for arbitration was filed on behalf of Santiago. The arbitrations were jointly conducted on January 20, 1987. Counsel for Nogue presented witnesses; counsel for Cigna and the Santiago estate cross-examined Nogue's witnesses, but presented no evidence.
The arbitrator subsequently issued his written award, finding that "a phantom vehicle ... precipitated the accident and left the scene of the accident before anyone could ascertain his license number." He concluded that "based on the evidence presented, I do not find any negligence on the part of the driver [Santiago]." The arbitrator awarded $5000 as damages to the estate of Santiago and $15,000, the UM policy limit, to Nogue for his personal injuries.
While the arbitration proceedings were pending, Nogue filed this action in the Law Division against the estate of Santiago[1], alleging that Santiago had been negligent in the operation of his car. After the arbitration award was returned, the Santiago estate moved for summary judgment, urging that principles of collateral estoppel and res judicata barred the Nogue claim. The motion was granted and this appeal ensued.

I.
Both parties assume, and we agree, that in appropriate circumstances an arbitration award can have a res judicata or *386 collateral estoppel effect in subsequent litigation. See Restatement, Judgments 2d, § 84 (1982); Chattin v. Cape May Greene, Inc., 216 N.J. Super. 618, 634-638 (App.Div. 1987). The question is whether the circumstances here justify precluding Nogue from relitigating Santiago's liability. In traditional legal parlance, that is a question of collateral estoppel rather than res judicata, since it concerns issue preclusion rather than claim preclusion. See Chattin, 216 N.J. Super. at 635.
Whether a party should be foreclosed from relitigating an issue turns "on many factors, all of which are considered because they contribute to the greatest good for the greatest number so long as fairness is not sacrificed on that altar." Continental Can Co. v. Hudson Foam Latex Prod., 129 N.J. Super. 426, 430 (App.Div. 1974). See also Matter of Coruzzi, 95 N.J. 557, 568 (1984); State v. Gonzalez, 75 N.J. 181 (1977); Allesandra v. Gross, 187 N.J. Super. 96 (App.Div. 1982). In identifying and weighing the relevant factors, the New Jersey courts have largely been guided by the Restatement. See, e.g., Gonzalez, 75 N.J. at 189-190; United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92, 101 (1977); Allesandra, 187 N.J. Super. at 104-106. We have not yet had occasion, however, to consider the factors which determine the issue-preclusive effect of an arbitration award. Cf. Chattin, 216 N.J. Super. at 635 (claim-preclusion resulting from arbitration award).
The Restatement suggests that an arbitration award, like an adjudicative determination of an administrative tribunal, should be issue-preclusive only under certain circumstances. That is because of the special roles and procedures of such non-judicial decisionmakers:
The essential question is whether ... an issue is formulated as it would be in a court and decided according to procedures similar to those of a court.... An issue of fact is so formulated when there is assertion and controversion of the occurrence of a legally significant event.... If an issue has thus been formulated, and if the procedure for resolving it is substantially similar to that *387 used in judicial adjudication, the ... determination of the issue should be given preclusive effect in accordance with the rules of res judicata.
Restatement, Judgments 2d, § 83 Comment b, p. 271.
Sections 83 and 84 of the Restatement thus grant issue-preclusive effect to a "valid and final" arbitration award under the same rules applicable to a judgment of a court (see Restatement, Judgments 2d, §§ 27, 28), but "only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication," including:
(a) Adequate notice to persons who are to be bound by the adjudication....
(b) The right on behalf of a party to present evidence and legal argument in support of the party's contentions and fair opportunity to rebut evidence and argument by opposing parties;
(c) A formulation of issues of law and fact in terms of the application of rules with respect to specified parties concerning a specific transaction, situation, or status, or a specific series thereof;
(d) A rule of finality, specifying a point in the proceeding when presentations are terminated and a final decision is rendered; and
(e) Such other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question, having regard for the magnitude and complexity of the matter in question, the urgency with which the matter must be resolved, and the opportunity of the parties to obtain evidence and formulate legal contentions.
Restatement, Judgments 2d, § 83.
Section 28 of the Restatement, incorporated by reference in sections 83 and 84, provides in relevant part that relitigation of an issue is not precluded where
(3) A new determination of the issues is warranted by differences in the quality or extensiveness of the procedures followed in the two [forums]....
* * * * * * * *
(5) There is a clear and convincing need for a new determination of the issue
...
(b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.
We are satisfied that, tested by those standards, the arbitrator's comparative negligence finding should not be given preclusive effect in Nogue's liability action.

*388 II.
Preliminarily, we reject Nogue's contention that the determination as to Santiago's negligence cannot bind him because the arbitrator did not have jurisdiction to decide that issue in resolving Nogue's UM claim. Nogue relies on Riccio v. Prudential Property & Cas. Ins. Co., 108 N.J. 493 (1987), which holds that where a passenger or other "innocent claimant" seeks UM coverage, "[t]he only liability question before the arbitrator... is the liability  in any degree  of the uninsured." Id. at 498. In response, Santiago relies on Riccio's further holding that where a driver is a UM claimant, as Santiago was before the arbitrator, "a calculation of the comparative degrees of fault is unquestionably necessary." Id. Santiago thus urges that the arbitrator had jurisdiction to determine comparative fault as between him and the phantom and that Nogue can fairly be bound by the determination since his claim was heard and determined jointly with the Santiago claim.
While it might be said that the arbitrator conducted two independent proceedings, each involving different parties and issues, those facts alone do not justify a holding that Nogue must be allowed to litigate the issue of Santiago's liability. The arbitrations were jointly heard in a proceeding to which both Nogue and Santiago were parties; a single award determined both of their claims. Although under their separate submissions Nogue and the Santiago estate were not adversaries to each other, they may be subject to issue preclusion as to issues which were fully and fairly litigated between them as adversaries and were essential to the award. See Restatement, Judgments 2d, § 38.

III.
At the joint arbitration hearing[2], Nogue, represented by counsel, testified that the phantom car cut in front of Santiago *389 as they were proceeding in the same direction along a four-lane undivided highway. Santiago "swerved over to the oncoming traffic," then cut to the right, lost control of the wheel, hit a curb and a sign and turned over. In response to a few questions concerning Santiago's conduct, Nogue said only that Santiago had not been weaving in and out of traffic. Counsel for the Santiago estate did not cross-examine Nogue at all. Counsel for Cigna cross-examined solely as to Nogue's injuries and damages.
The only other testimony concerning the happening of the accident came from Zaida Nogue Esteras, another passenger in the car. Called by Nogue's attorney, she corroborated Nogue's description of the occurrence. In response to a few brief questions from Cigna's counsel, Esteras said that Santiago had not been weaving in and out of traffic, was operating his car carefully and had done nothing to cause the accident.
That recitation makes evident that Nogue's rights against Santiago were not fully or fairly litigated in the arbitration. The only relevant issue in Nogue's arbitration was the phantom's negligence. Riccio, 108 N.J. at 498. Nogue's counsel did not formulate or project any issue as to Santiago's negligence. No such issue was litigated, in fact, between Nogue and the Santiago estate. Cf. In re Matter of Arbitration Between Grover, 80 N.J. 221, 229 (1979). There is no suggestion in the record that Nogue had any opportunity to prove Santiago's negligence or any notice that the arbitration award might foreclose him from pursuing his pending Law Division action. Indeed, had Nogue been given such opportunity and notice, a simple UM arbitration would have been expanded well beyond its intended scope, "rais[ing] the stakes [and] actually resulting in more protracted litigation with attendant judicial diseconomies." Gonzalez, 75 N.J. at 191.
We also note that there was little, if any, incentive for any party to the arbitration to urge or deny Santiago's liability. *390 Nogue's interest was solely to establish negligence of the phantom. The Santiago estate had no interest in exculpating itself from liability to Nogue: the administratrix, Nogue's mother, was represented by personal counsel and had every incentive to bring Nogue within the liability coverage of the Cigna policy. Further, since Cigna provided both UM and liability coverage, its real economic interest may have been to limit its exposure to the UM coverage by establishing that the phantom was solely responsible for the accident.
In Restatement terms, then, we find that Nogue did not have adequate notice that he would be bound by the Santiago UM adjudication (Restatement, Judgments 2d § 83(2)(a)), that Nogue was not afforded a right or fair opportunity to contest the issue of Santiago's negligence (id. at § 83(2)(b)), that no issues of law and fact with respect to Santiago's liability to Nogue were formulated (id. at § 83(2)(c)), that it was not foreseeable that the resolution of Santiago's UM claim would be dispositive of Nogue's liability claim (id. at § 28(5)(c)), that Nogue had neither an adequate opportunity or incentive to obtain a full and fair adjudication of Santiago's liability in the arbitration (id. at §§ 28(5)(c), 38) and that the arbitration procedures did not provide a sufficient means for determining Santiago's liability to Nogue (id. at §§ 28(3), 83(2), (3)). In short, the joint UM arbitrations were not intended, structured or conducted to resolve, and thus cannot be said to have fairly determined, the issue of liability between Nogue and Santiago.
The order granting summary judgment is reversed. The matter is remanded to the Law Division for further proceedings.
NOTES
[1] Maria Robles, administratix of the Santiago estate, is Nogue's mother.
[2] The record before us includes a full transcript of the hearing.