**Richard TORRE, Plaintiff,**

v.

**FALCON JET CORP., Defendant.**

**Civ. A. No. 88–4664.**

United States District Court,
D. New Jersey.

Aug. 14, 1989.

---

Carolyn E. Wright–Bing, Arthur N. Martin, Jr., P.C., Newark, N.J., for plaintiff.

**1064**

Gregory C. Parliman, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for defendant.

## OPINION

WOLIN, District Judge.

This is an action filed by plaintiff Richard Torre charging defendant Falcon Jet Corporation with violating New Jersey's Conscientious Employee Protection Act (commonly known and hereinafter referred to as the whistle blower statute), N.J.S.A. §§ 34:19-1 to 34:19-8. Defendant now moves for summary judgment dismissing the complaint. The Court will grant the motion.

## BACKGROUND

Plaintiff Richard Torre is an inspector of corporate aircraft employed by defendant Falcon Jet Corporation ("Falcon") at the company's facility in Teterboro, New Jersey. As an inspector, Torre is required to inspect aircraft to ensure compliance with safety regulations of the Federal Aviation Administration and Falcon. Torre is a member of Local 504 of the Transport Workers Union of America and his employment relationship with Falcon is governed by a collective bargaining agreement between Falcon and the Union.

On March 24, 1986, Torre was assigned to perform a routine inspection on a Falcon 50 Jet owned by Executive Air Fleet ("EAF"). During the course of the inspection, Torre received a direct order from his supervisor to perform the inspection of the aircraft without removing the "upper cowling" of the plane's engine. Torre believed that deleting this part of the inspection was an unsafe procedure, and he refused to complete the inspection unless he was allowed to do so properly. As a result of his

noncompliance with the supervisor's order, Torre received a three-day suspension for insubordination. Torre's Union unsuccessfully grieved the matter.

Although it is not clear who contacted whom, in September 1986 Torre informed a representative of EAF that, though the inspection report had been signed, the March 1986 inspection had not been properly performed. Consequently, EAF contacted Falcon to discuss the company's inspection procedures. Falcon assured EAF that the inspection had been properly performed and that no misconduct had occurred.

On September 17, 1986, Falcon suspended Torre for five days for allegedly having made false and misleading statements to EAF. One week later, Falcon terminated Torre. Torre grieved his discharge through the Union, arguing that there was not just and sufficient cause to support the termination as required by the collective bargaining agreement, article 19, section 1. Torre asserted that the inspection had been improperly performed and that he had been wrongfully discharged for having communicated that to EAF.

The matter was grieved and went to arbitration in June 1987.[1] On August 14, 1987, the arbitrator issued an Award and Opinion concluding that just and sufficient cause existed under the collective bargaining agreement to warrant disciplinary action against Torre. The arbitrator, however, found termination to be too severe a penalty and modified the penalty to suspension without back pay, benefits or seniority from September 17, 1986 to the date of reinstatement. Neither party appealed the arbitrator's decision.

In August 1988, Torre brought this action asserting that his termination by Falcon constituted a violation of the New Jersey whistle blower statute.[2] Torre claims

---

**1.** Article 14, section 1 of the collective bargaining agreement between Falcon and Torre's Union provides that the purpose of the arbitration procedure is to settle "any and all disputes or grievances" not settled by the Field Board of Adjustment.

**2.** Section 3 of the whistle blower statute, N.J. S.A. § 34:19-3, provides:

An employer shall not take any retaliatory action against an employee because the employee does any of the following:

a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law;

as damages the loss of his salary, benefits and seniority during the period of his suspension. Falcon now moves for summary judgment, contending that Torre's complaint is merely an attempt to modify the arbitrator's award and to obtain the remedies that he was denied in the arbitration proceeding.

In support of its motion for summary judgment, Falcon maintains that Torre's claim is governed by New Jersey's Arbitration Act, N.J.S.A. §§ 2A:24–1 to 2A:24–11, and is barred by that act's three-month statute of limitations.[3] Falcon contends that even if Torre's complaint is found to properly assert a claim under the whistle blower statute, Torre's claim is still barred by the one-year limitations period provided by § 5 of that statute, N.J.S.A. § 34:19–5.

Falcon further maintains that Torre's claim is barred by the election-of-remedies provision of the whistle blower statute, N.J.S.A. § 34:19–8.[4] In support of this contention, Falcon argues that because Torre elected to pursue his right to grieve and arbitrate his termination under the collective bargaining agreement and to accept the remedy of reinstatement provided by the arbitrator, he should be precluded from now pursuing alternative rights and remedies under the whistle blower statute. Finally, Falcon urges that the doctrines of res judicata and collateral estoppel bar the present cause of action because the issues before the Court have previously been considered and decided.

In his brief in opposition to the motion for summary judgment, Torre makes three arguments. First, Torre contends that his complaint is not governed by New Jersey's Arbitration Act because he does not seek to modify the arbitration award, but to be "made whole" by the whistle blower statute. Torre argues that the Arbitration Act does not apply where an employee seeks redress under the whistle blower statute subsequent to receiving an arbitration award, and that therefore his claims are independent and not subject to the doctrine of res judicata or collateral estoppel.

Second, Torre asserts that he has established a prima facie case of retaliatory discharge under § 3 of the whistle blower statute, N.J.S.A. § 34:19–3, and therefore is entitled to damages. Finally, Torre maintains that his complaint is not barred by the one-year limitations period provided by the whistle blower statute. Torre argues that because Falcon failed to post a notice of his rights under the statute as required by § 7 of the statute, N.J.S.A. § 34:19–7, he should not be penalized for being unaware of his rights and obligations to bring suit within one year of the incident at issue. Torre maintains that his claim for retaliatory discharge should be deemed actionable for one year from the posting of the statute on or about January 20, 1988.

In its reply brief, Falcon observes that the record does not contain the facts neces-

b. Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer; or

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:

(1) is in violation of a law, or a rule or regulation promulgated pursuant to law;

(2) is fraudulent or criminal; or

(3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare.

3. The New Jersey Arbitration Act provides in part:

A party to the arbitration may, within 3 months after the award is delivered to him, unless the parties shall extend the time in writing, commence a summary action in the court [selected pursuant to N.J.S.A. § 2A:24–2] for the confirmation of the award or for its vacation, modification or correction. Such confirmation shall be granted unless the award is vacated, modified or corrected.
N.J.S.A. § 2A:24–7.

4. The election-of-remedies provision provides:

Nothing in this act shall be deemed to diminish the rights, privileges, or remedies of any employee under any other federal or State law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.
N.J.S.A. § 34:19–8.

sary to support Torre's equitable tolling argument. Falcon notes that Torre's argument that he first learned of the statute from a posting in January 1988 is not supported by any affidavit, deposition or other matter of record as is required by Fed.R. Civ.P. 56(e) to defeat a motion for summary judgment.

## DISCUSSION

Although the parties have raised a host of issues, the Court can reduce the issues to two: (1) whether Torre's claim is barred by the doctrine of collateral estoppel; and (2) if not, whether his claim is time barred.

The collective bargaining argument entered into by Falcon and Torre's Union clearly provides that the purpose of the arbitration procedure is to settle "any and all disputes or grievances." *Id.* article 14, section 1. Counsel for Torre conceded at oral argument that the arbitrator was legally empowered in the initial arbitration proceeding to hear Torre's claim pursuant to the whistle blower statute. Torre argues, however, that he should be allowed to proceed with the instant action because his original claim was asserted under a different legal theory. Though conceding that the facts of the two claims may be the same, Torre contends that the issue presented to the arbitrator was narrower than the issue currently before this Court. Torre asserts that the question decided at arbitration was whether Falcon breached the collective bargaining agreement by wrongfully discharging Torre while the question presently before the Court is whether Torre has established a case of retaliatory discharge under the whistle blower statute.

If an issue was actually litigated and necessarily determined in an action, the doctrine of collateral estoppel precludes the parties from relitigating that issue in a subsequent action; relitigation of an issue is precluded only if the issue raised in the second action is identical to the issue decided in the first action. *McLendon v. Continental Group, Inc.,* 660 F.Supp. 1553, 1561 (D.N.J.1987).

It is established that the findings of an arbitrator can have a collateral estoppel effect in a federal court proceeding. *See Benjamin v. Traffic Executive Ass'n Eastern Railroads,* 869 F.2d 107, 110 (2d Cir. 1989). Both federal law and New Jersey law appear to give estoppel effect to issues actually litigated in an arbitration proceeding, so long as the arbitration process was fair, the decision was reliable and no exception was provided. *See Ivery v. United States,* 686 F.2d 410, 413 (6th Cir.1982), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1428, 75 L.Ed.2d 788 (1983); *Nogue v. Estate of Santiago,* 224 N.J.Super. 383, 385–86, 540 A.2d 889, 890 (App.Div.1988).

The Court finds that the arbitration proceeding decided the identical issue that is in dispute in this matter: whether Torre was wrongfully discharged for having informed EAF that Falcon had improperly performed an aircraft inspection. Torre, therefore, is collaterally estopped from bringing the current action. Alternatively, the matter is res judicata. *See Goel v. Heller,* 667 F.Supp. 144, 149–50 (D.N.J.1987).

Because the Court has decided that Torre's claim under the whistle blower statute is barred by the doctrine of collateral estoppel, it need not address the issue of equitable tolling; whether or not Torre's claim is timely, it is barred.

## CONCLUSION

Because the issue in dispute in the case at bar is identical to the issue decided in the initial arbitration proceeding, was actually litigated in that proceeding, and was necessary to the ALJ's determination, Torre is collaterally estopped from relitigating that issue in the current action. The Court will therefore grant Falcon's motion for summary judgment.