**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2178-21

PRAVIN PATEL,

    Plaintiff-Appellant,

v.

BHARAT MUKUND RAO
and ALKESH S. PATEL,

    Defendants-Respondents.

_____

Argued December 12, 2023 – Decided May 2, 2024

Before Judges Sumners and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6475-19.

Patrick Papalia argued the cause for appellant (Archer & Greiner, PC, attorneys; Patrick Papalia, Robert Joseph Faugno and Christian A. Stueben, on the briefs).

David F. Lyttle argued the cause for respondent Bharat Mukund Rao.

Richard James Kilstein argued the cause for respondent Alkesh S. Patel (Kilstein & Kilstein, LLC, attorneys; Richard James Kilstein, on the brief).

PER CURIAM

Plaintiff Pravin Patel appeals the Rule 4:6-2 (e) dismissal of his complaint with prejudice against defendants Bharat Mukund Rao and Alkesh Patel. We affirm.

I.

Parties' Dispute

This appeal arises from an arbitration proceeding between Pravin[1] and Christine Rao, equal owners of two companies which operated Dunkin' Donuts franchises. Bharat had no interest in the companies but was permitted to participate in the arbitration proceeding in place of Christine, his wife, who for reasons undisclosed in the record did not participate. Pravin and Bharat agreed to jointly engage and pay for an independent auditor to conduct the financial review of the companies and testify before the arbitrator. Based on Bharat's recommendation and with Pravin's consent, Alkesh, a certified public accountant, was appointed by the arbitrator to conduct a neutral, independent financial analysis of the companies' operations and testify at the arbitration hearing.

---

[1] Because Pravin Patel and Alkesh Patel, and Bharat Mukund Rao and Christine Rao share last names, for convenience and to avoid confusion we refer to them by their first names. We mean no disrespect.

A-2178-21

Relying largely on Alkesh's reports and testimony, the arbitrator awarded the Raos $1,161,883.51 in damages. The arbitrator rejected Pravin's contention that Alkesh's financial assessment of the companies was flawed and ruled the assessment should be disallowed because Alkesh had a conflict of interest considering his prior relationship with Bharat's brother-in-law.

On June 26, 2019, the Raos filed a Chancery Division complaint and order to show cause to affirm the arbitration award. Pravin cross-moved to vacate the award, reasserting that Alkesh's conflict of interest invalidated his testimony.

Over a month later, on August 1, the Chancery court entered an order confirming the arbitration award and denying the motion to vacate the award. On August 30, the court ordered Pravin to pay the Raos' attorney's fees and costs of $5,359.50.

On September 12, Pravin filed the within Law Division complaint against Alkesh and Bharat (collectively, defendants) alleging breach of contract, breach of duty of good faith and fair dealing, conspiracy, and fraud and misrepresentation. Pravin also alleged a professional negligence claim against Alkesh for not disclosing his prior relationship with the Raos and failure to comply with the terms of a contract concerning the operation of one of the franchises owned by Pravin and Christine.

3

On September 24, Pravin appealed the Chancery court's orders confirming the arbitration award and awarding the Raos attorney's fees and costs (arbitration appeal). While the arbitration appeal was pending, the Law Division entered a May 11, 2020 order dismissing Pravin's complaint without prejudice and staying discovery pending our court's ruling on Pravin's the arbitration appeal. Two weeks later, Pravin appealed that order to this court (dismissal appeal).

While Pravin's dismissal appeal was pending, we affirmed the arbitration appeal. Rao v. Patel, No. A-0342-19 (App. Div. Nov. 4, 2020) (slip op. at 10). Almost a year later, we dismissed the dismissal appeal as moot because the Law Division order dismissing Pravin's complaint without prejudice permitted Pravin to seek restoration of his Law Division complaint following this court's disposition of the arbitration appeal. Patel v. Rao, No. A-3556-19 (App. Div. Oct. 22, 2021) (slip op. at 6). We reasoned:

> Pravin makes multiple arguments on the merits that the judge never adjudicated. But the Law Division judge never had the opportunity to adjudicate these issues because after finality in the Chancery case, no party acted on the Law Division judge's remarks that he "review the matter anew," or to "move [before] the [c]ourt by motion to continue the Law Division matter." The parties may now do that.
>
> [Id. at 5-6 (alterations in original).]

On February 2 and 3, 2022, after the Law Division complaint was reinstated, defendants separately filed Rule 4:6-2(e) motions to dismiss with prejudice for failure to state a claim upon which relief can be granted. On February 24, Pravin opposed and cross-moved for leave to file a first amended complaint to be accepted as filed nunc pro tunc.

The Law Division granted defendants' motions and denied Pravin's cross-motion as moot. In its written decision, the court determined Pravin's claims were precluded under the doctrines of res judicata and collateral estoppel because they were raised and decided in the arbitration proceeding which the Chancery court confirmed and we affirmed. In addition, the court, applying the entire controversy doctrine, determined that "even if [it] . . . were to conclude that certain allegations of facts and issues were not previously raised, . . . [Pravin] is barred from raising . . . them in a new litigation because . . . [he was] required . . . to raise them at arbitration and his failure to do so prohibits him from doing it now." Finally, the court ruled Pravin could not amend his complaint because the amended complaint did "not change any of the underlying fact[s] at issue in [the] litigation or the merits of . . . [defendants'] [m]otions to [d]ismiss."

A-2178-21

Pravin appeals the dismissal of his complaint with prejudice, arguing the Law Division erred in applying the doctrines of res judicata, collateral estoppel, and entire controversy and he should have been allowed to amend his complaint to avoid dismissal. In addition, he contends defendant's motions to dismiss should have been converted to summary judgment motions.

## II.

### Motion to Dismiss

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017) (citing Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div 2016)). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted). In considering a motion under Rule 4:6-2(e), courts must accept the facts asserted in the complaint and should accord the plaintiff all favorable inferences. Watson, 453 N.J. Super. at 47. "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594,

A-2178-21

597 (App. Div. 2010) (quoting <u>Rieder v. State Dep't of Transp.</u>, 221 N.J. Super. 547, 552 (App. Div. 1987)).

"[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451 (2013) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). Therefore, the pleading must be "search[ed] . . . in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." <u>Printing Mart-Morristown</u>, 116 N.J. at 746 (quoting <u>Di Cristofaro v. Laurel Grove Mem'l Park</u>, 43 N.J. Super. 244, 252 (App. Div. 1957)).

A. Res Judicata

The doctrine of "[r]es judicata prevents relitigation of a controversy between the parties." <u>Brookshire Equities, LLC v. Montaquiza</u>, 346 N.J. Super. 310, 318 (App. Div. 2002) (citing <u>Selective Ins. Co. v. McAllister</u>, 327 N.J. Super. 168, 172 (App. Div. 2000)) (emphasis omitted). "[F]or res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." <u>Id.</u> at 318-19 (citing <u>McAllister</u>, 327 N.J. Super. at 172-73) (emphasis

omitted). All these elements were addressed by the Law Division to support its order.

Pravin's complaint alleged breach of contract, breach of duty of good faith and fair dealing, conspiracy, professional negligence, and fraud and misrepresentation. All these issues were raised and rejected by the arbitrator, confirmed by the Chancery court, and affirmed by this court in the arbitration appeal.

Pravin argues res judicata does not apply to his Law Division claims against Bharat because Bharat was not a party to the arbitration proceeding. The record demonstrates otherwise. Although Bharat was not a co-owner of the Dunkin' Donuts franchises with Pravin, he was a party to the arbitration proceeding because he participated in the businesses and was allowed to act on behalf of his wife. The arbitration award included Bharat as party claimant, specifically indicating the award was to "Mr. Rao." There is no indication in the arbitration award that Pravin disputed Bharat's participation in the arbitration proceeding or challenged Bharat's designation as a claimant.

We agree with Pravin that Alkesh was not a party in the arbitration proceeding, participating only as an independent expert. However, the same issue that Pravin raised in the within matter concerning Alkesh's purported bias

— due to his prior relationship with the Raos, thereby invaliding his expert testimony — was addressed and rejected in the Chancery court's decision confirming the arbitration award, which this court affirmed. Rao, slip op. at 9-10. We stated:

> We agree with the [Chancery] court that as new information was brought to the arbitrator's attention about a potential conflict of interest or impropriety involving the auditor, the arbitrator gave [Pravin] the opportunity to object and the auditor was tasked with certifying as to his continued objectivity. We concur in the [Chancery] court's view that [Pravin] did not establish grounds to allow post-arbitration discovery, and arbitrations are not designed to devolve into another litigated matter, a posture sought to be avoided by the use of arbitration in the first place.
>
> [Ibid.]

Thus, the professional negligence claims against Alkesh arose in the arbitration proceeding and were addressed. See e.g., Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989) (recognizing where a controversy is "fairly litigated" and resolved, it cannot be relitigated) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). They cannot be relitigated.

B. Collateral Estoppel

The doctrine of collateral estoppel is an equitable remedy that "bars relitigation of any issue which was actually determined in a prior action,

generally between the same parties, involving a different claim or cause of action." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66 (2013) (quoting N.J. Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 114 (2011)). "[C]ollateral estoppel is a branch of the broader law of res judicata which bars relitigation of any issue actually determined in a prior action generally between the same parties and their privies involving a different claim or cause of action." N.J. Mfrs. Ins. Co. v. Brower, 161 N.J. Super. 293, 297 (App. Div. 1978) (emphasis and citation omitted).

For collateral estoppel to apply,

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

"[I]n appropriate circumstances[,] an arbitration award can have a res judicata or collateral estoppel effect in subsequent litigation." Nogue v. Est. of Santiago, 224 N.J. Super. 383, 385-86 (App. Div. 1988).

10

For essentially the same reasons we conclude res judicata applies to preclude Pravin's claims against defendants, collateral estoppel has the same effect. The "ultimate issue" in this case has been determined: the amount of damages Pravin owes Rao because of the arbitration award, based upon Alkesh's independent third-party evaluation. Since the determination was made by the arbitrator, the Chancery court, and now this court concludes, Pravin is collaterally estopped from pursuing the same claims in the present action.

C. Entire Controversy

The Law Division relied upon the entire controversy doctrine as an alternative basis to bar Pravin's claims. The court determined that "even if [it] were to conclude that certain allegations of facts and issues were not previously raised, . . . [Pravin] is barred from raising any of them in a new litigation because the [e]ntire [c]ontroversy [d]octrine required him to raise them at arbitration and failure to do so prohibits him from doing so now."

"The entire controversy doctrine is an equitable principle[,] and its application is left to judicial discretion." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011) (citing Allstate N.J. Ins. Co. v. Cherry Hill Pain & Rehab. Inst., 389 N.J. Super. 130, 141 (2006)). "Th[e] doctrine 'embodies the principle that the adjudication of a legal controversy should occur

in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). The doctrine applies when the claims of all parties arise out of the same common string of facts or circumstances. Ibid. The underlying principle of the doctrine is to promote "[j]udicial economy and efficiency." Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 23 (1989). The entire controversy doctrine, as codified in Rule 4:30(A), requires joinder of claims but not joiner of parties.

Pravin argues his claims could not have been made against Bharat and Alkesh because they were not parties. He is incorrect. As noted, the record demonstrates that at the arbitration proceeding Bharat was a party and Pravin's claims pertaining to Alkesh's role as an independent expert could have been challenged. To allow Pravin to raise claims related to the arbitration dispute after he was dissatisfied with the Chancery court's confirmation of the arbitration award undermines judicial economy and efficiency.

## III.

### Summary Judgment

Pravin contends had the Law Division treated defendants' Rule 4:6-2(e) motions to dismiss as summary judgment motions, it would not have dismissed his complaint. He asserts their motions effectively sought summary judgment because defendants' relied upon certifications that "incorporate factual representations and various document exhibits [(arbitration documents)] that are well outside of the pleadings." See R. 4:46-2.

Pravin specifically contends: (1) there was a genuine dispute of material facts related to Alkesh's role as an independent expert and his claims against Alkesh could not have been advanced in the arbitration proceeding because he was not a party; (2) the motion was premature because discovery had not commenced to allow defendants to explain how Alkesh could be joined in the arbitration proceeding; and (3) defendants' motions should have been denied as procedurally deficient. Citing Davis v. Devereux Found., 209 N.J. 269, 296 n.8 (2012), Pravin also argues defendants' entire joint appendix should be stricken from the record on appeal because it contains documents related to the arbitration proceeding that were not before the Law Division.

We discern no error in the Rule 4:6-2(e) dismissal of Pravin's complaint with prejudice. There was neither a genuine dispute of material facts nor need for discovery.

As noted, based on the doctrines of res judicata, collateral estoppel, and entire controversy, the dismissal was granted because Pravin's complaint raised claims that were either previously dismissed—e.g., Alkesh's professional negligence—by the arbitrator, the Chancery court, and this court, or could have been raised in those prior proceedings. And as for discovery, assuming as Pravin contends the court should have considered defendants' motions as ones for summary judgment, Pravin has not shown what specific discovery was needed to oppose the motions. See Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (holding a party opposing a motion for summary judgment on the grounds that discovery is incomplete must "demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action" (quoting Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003))). Moreover, Pravin has not shown that the discovery would have "patently . . . change[d] the outcome." Minoia v. Kushner, 365 N.J. Super. 304, 307 (App. Div. 2004).

With respect to defendants' joint appendix, we conclude none of the documents contained therein inform our decision. Therefore, striking the joint appendix has no bearing in affirming the Law Division's dismissal order.

IV.

Motion to Amend Complaint

In response to defendants' motions to dismiss, Pravin cross-moved to file a first amended complaint nunc pro tunc and argued the motions were moot. The Law Division determined the proposed amendment "[did] not change any of the underlying fact[s] at issue in this litigation or the merits of the [m]otions to [d]ismiss." The court stated further that Pravin failed to establish why a February 24, 2022 cross-motion to amend a complaint filed in 2019 was a justified response to defendants' motions to dismiss, which were permitted after the "[c]omplaint was previously dismissed without prejudice."

Pravin contends the amendment "does not add any new claims or defenses and only provides additional factual elaboration on key parts of [his] causes of action"—specifically, Alkesh's accounting misrepresentations to the arbitrator. Citing G & W, Inc. v. Borough of East Rutherford, 280 N.J. Super. 507, 516-17 (App. Div. 1995), where this court reversed the trial court's denial of a motion for leave to file an amended pleading to add new parties, Pravin asserts the

15

amendment should have been allowed in the interest of justice and it would not have prejudiced defendants. We are unpersuaded.

The Law Division did not abuse its discretion in denying Pravin's cross-motion to amend his complaint. See R. 4:9-1; Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App. Div. 2003). Despite the liberal standard in allowing complaints to be amended, Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 457 (1998), the court correctly recognized that under Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006), "granting the amendment would be . . . futile."

The first amended complaint's new factual assertions fail to overcome the overriding concern that the central issues raised in the complaint are dismissed under the doctrines of res judicata, collateral estoppel, and the entire controversy doctrine. The fact that Pravin sought to amend the complaint nunc pro tunc, meaning reverting to when it was originally filed, is of no moment. The same deficiencies warranting dismissal with prejudice of Pravin's claims in his 2019 initial complaint existed in the first amended complaint he sought to file in 2022.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

16

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2178-21